FILED in the Trial Courts
State of Alaska Fourth District

JUN 2 4 2016

By_____Deputy

S. Lane Tucker (Bar No. 0705011)

STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: (907) 277-1900
Facsimile: (907) 277-1920

Attorneys for Plaintiff
BUCHER GLASS, INC.

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT FAIRBANKS

| | |
|---|---|
| BUCHER GLASS, INC., an Alaska corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOW CORNING CORPORATION, a Michigan corporation, and GARIBALDI GLASS INDUSTRIES INC., a Canadian corporation,<br><br>Defendants. | Case No.: 4FA-16-01968 CI |

## COMPLAINT

BUCHER GLASS, INC. ("Bucher"), for its Complaint against DOW CORNING

CORPORATION ("Dow Corning") and GARIBALDI GLASS INDUSTRIES INC.

("Garibaldi"), states as follows:

COMPLAINT
Page 1 of 10
86908283.1 0056361-00001

## PARTIES

1. Plaintiff Bucher Glass is an Alaska corporation that has its principal place of business in Fairbanks, Alaska. It sells and installs commercial windows and curtain wall systems.

2. Defendant Dow Corning is a Michigan corporation that has its principal place of business in Midland, Michigan. One aspect of its business is designing, developing, manufacturing, marketing, and selling products for use in curtain wall systems.

3. Defendant Garibaldi is a Canadian corporation that has its principal place of business in Burnaby, British Columbia. One aspect of its business is the fabrication of insulated glass panels for curtain wall systems.

## JURISDICTION AND VENUE

4. The Court has jurisdiction under Alaska's long-arm statute, AS 09.05.015.

5. Venue is proper under Civil Rule 3(c).

## FACTUAL ALLEGATIONS

6. In 2013, Bucher was selected as a subcontractor for two new commercial buildings, the UAF Engineering Facility in Fairbanks, Alaska, and the CIRI building in Anchorage, Alaska.

7. The plans for both buildings called for the installation of curtain wall systems. A curtain wall system is a non-load bearing exterior wall of a building. For multiple story commercial buildings, curtain wall systems typically are expected to meet

COMPLAINT
Page 2 of 10
86908283.1 0056361-00001

STOEL RIVES LLP
510 L Street, Suite 500, Anchorage, AK 99501
Main (907) 277-1900 -- Fax (907) 277-1920

design requirements for thermal efficiency (for cost-effective heating, cooling, and lighting), thermal expansion and contraction, building movement, and visual appearance.

8. The plan specifications for the UAF and CIRI buildings had thermal efficiency and appearance requirements for the curtain wall systems.

9. Dow Corning knew of the thermal specifications set by the design criteria for both buildings. It represented that the vacuum insulation panels ("VIPs") used in its architectural insulation modules ("AIMs") could meet those criteria.

10. Bucher Glass placed its order after having had an independent laboratory perform a Thermodel simulation on the proposed Bucher Glass curtain wall system. For the simulation testing, the lab used data from testing of Dow Corning's AIMs that had VIPs incorporated into them. The test results caused Bucher Glass to question Dow Corning's thermal representations. Dow Corning responded to Bucher Glass's inquiries by stating that, in Dow Corning's view, it was "not appropriate" to apply the test results to Bucher Glass's thermal modeling for its projects, and that Bucher Glass instead should "revert back" to the thermal values provided by Dow Corning in the product data sheet for VIPs.

11. In reliance on Dow Corning's response to its inquiry about thermal values, Bucher Glass ordered the VIPs for the curtain wall systems for UAF from Dow Corning, and the AIMs for the CIRI building from Dow Corning and Garibaldi.

12. Bucher Glass had no knowledge of the fact that at the time Dow Corning was telling Bucher Glass to rely on the data sheet numbers, Dow Corning had reports in

COMPLAINT
Page 3 of 10
86908283.1 0056361-00001

its possession that indicated the VIPs' thermal values were not as represented. Dow Corning did not disclose this information to Bucher Glass.

13. There were widespread thermal failures in the VIPs installed in the UAF and CIRI buildings. The vacuum seals failed in many of the panels. Testing revealed that the thermal performance in the intact VIPs was significantly worse than Dow Corning had represented to Bucher Glass.

14. Bucher Glass gave timely notice of the thermal problems, inviting Dow Corning to inspect the VIPs and propose a fix. Bucher Glass also gave Dow Corning notice that it would be looking to Dow Corning for damages in light of the substantial expenses it was incurring to develop and provide a fix acceptable to the general contractors and owners of both buildings.

15. Despite the notice provided by Bucher Glass, Dow Corning provided no assistance in developing or implementing a cure for the defective VIPs in the UAF and CIRI buildings. Bucher Glass expects to incur millions of dollars in losses trying to remedy the problems caused by Dow Corning's defective products.

16. To enable a visual assessment prior to ordering the product, Dow Corning and Garibaldi provided a sample AIM for Bucher Glass and the building design teams to examine. Garibaldi was fabricating the components of the AIMs in accordance with Dow Corning's instructions.

17. In reliance on the sample provided by Dow Corning and Garibaldi, as well as Dow Corning's response to Bucher Glass' inquiry about the VIPs' thermal values, Bucher Glass ordered the AIMs for the CIRI curtain wall system.

COMPLAINT
Page 4 of 10
86908283.1 0056361-00001

Exhibit A
Page 4 of 10

Case 4:16-cv-00023-TMB   Document 1-1   Filed 07/14/16   Page 4 of 10

18. Upon receipt of the first shipment of CIRI AIMS units from Garibaldi, Bucher Glass discovered visual defects in the panels. When Bucher Glass notified Dow Corning and Garibaldi of the problem, Dow Corning and Garibaldi placed a hold on the manufacture of the VIPs that were still to be provided. It was not until eight weeks later that the AIMs were put back into production. The delay in manufacturing led to delays in delivery, which caused significant economic harm to Bucher Glass. Further, when the unitized panels were installed, the project owner was dissatisfied with the visual appearance because it did not conform to the sample AIM.

19. Bucher Glass gave timely notice of the visual problems, inviting Dow Corning and Garibaldi to inspect the AIMs and propose a fix. Bucher Glass also gave Dow Corning and Garibaldi notice that it would be looking to them for damages in light of the substantial expenses it was incurring to develop and provide a fix acceptable to the general contractors and owners of both buildings.

20. Despite the notice provided by Bucher Glass, Dow Corning and Garibaldi provided no assistance in developing or implementing a cure for the defective AIMs in the CIRI building. Further, Garibaldi refused to release the final shipment of AIMS without pre-payment, in breach of the agree upon terms and conditions. Bucher Glass proceeded to install interior veneer glass panels to correct the problem, and incurred millions of dollars in losses to remedy the problems caused by Dow Corning's and Garibaldi's defective products.

21. Bucher Glass's business has been damaged by Dow Corning's and Garibaldi's conduct. Its reputation has been harmed and its financial position severely

COMPLAINT
Page 5 of 10
86908283.1 0056361-00001

weakened. It has lost business (existing and anticipated) because of the issues associated with the UAF and CIRI buildings.

## CAUSES OF ACTION

### First Cause of Action

### ( Breach of Express Warranties)

22. Bucher Glass hereby incorporates and re-alleges the allegations set forth in paragraphs 1 through 21 above.

23. Dow Corning and Garibaldi are both merchants that deal in products for commercial construction projects, including components for curtain wall systems.

24. Dow Corning affirmed to Bucher Glass that the Dow Corning VIPs would meet the design criteria for the UAF and CIRI buildings.

25. Dow Corning provided to Bucher Glass written descriptions of the characteristics of its VIPs, and represented to Bucher Glass that the VIPs it ordered would conform to those descriptions.

26. When ordering the VIPs from Dow Corning for the UAF building, and the AIMs for the CIRI buildings from Dow Corning and Garibaldi, Bucher Glass relied on Dow Corning's written descriptions of the VIPs, and Dow Corning's affirmation that the VIPs would meet the design criteria for the UAF building. Dow Corning's express representations were part of the basis for the parties' bargain.

27. The VIPs for the UAF and CIRI buildings did not perform as warranted. The thermal failures were widespread.

28. For the CIRI building, Dow Corning and Garibaldi provided a sample AIM to Bucher Glass to confirm the module's visual properties. Bucher Glass relied on the sample when it ordered the AIMs for the CIRI building. The visual qualities of the sample were part of the basis for the parties' bargain.

29. The AIMs for the CIRI building did not perform as warranted. The visual properties were not as had been represented or as had been evident from the sample.

30. As a direct and proximate result of Dow Corning's and Garibaldi's breaches of their express warranties, Bucher Glass has suffered incidental and consequential damages in an amount to be determined at trial, but in excess of $100,000.

## Second Cause of Action

### (Breach of Implied Warranty of Merchantability)

31. Bucher Glass hereby incorporates and re-alleges the allegations set forth in paragraphs 1 through 30 above.

32. A warranty of merchantability was implied in the contract between Bucher Glass and Dow Corning.

33. A warranty of merchantability was implied in the contract between Bucher Glass and Garibaldi.

34. Because of the visual appearance problems and the widespread thermal failures, the VIPs and AIMs were not fit for the ordinary purpose for which such goods are used, nor were they of even quality within each unit and among all the units involved.

COMPLAINT
Page 7 of 10
86908283.1 0056361-00001

Exhibit A
Page 7 of 10

Case 4:16-cv-00023-TMB   Document 1-1   Filed 07/14/16   Page 7 of 10

35. The defects in the VIPs and AIMs constituted breaches of the implied warranty of merchantability.

36. As a result of Dow Corning's and Garibaldi's breaches of the implied warranty of merchantability, Bucher Glass has suffered incidental and consequential damages in an amount to be proved at trial, but in excess of $100,000.

### Third Cause of Action

### (Breach of Implied Warranty of Fitness for a Particular Purpose

37. Bucher Glass hereby incorporates and re-alleges the allegations set forth in paragraphs 1 through 36 above.

38. A warranty of fitness for a particular purpose was implied in the contract between Bucher Glass and Dow Corning.

39. A warranty of fitness for a particular purpose was implied in the contract between Bucher Glass and Garibaldi.

40. At the time Dow Corning and Bucher Glass entered into their contract, Dow Corning knew that the VIPs would be used in the curtain wall systems for the UAF and CIRI buildings. Dow Corning also knew or had reason to know that Bucher Glass was relying on Dow Corning's skill or judgment to furnish products suitable for use in those curtain wall systems.

41. The VIPs furnished by Dow Corning were not suitable for use in the curtain wall systems as they did not meet the design criteria for the buildings.

42. The defects constituted breaches of the implied warranty of fitness for a particular purpose.

COMPLAINT
Page 8 of 10
86908283.1 0056361-00001

43. At the time Garibaldi and Bucher Glass entered into their contract, Garibaldi and Dow Corning knew that the AIMs would be used in the curtain wall system for the CIRI building. Garibaldi and Dow Corning also knew or had reason to know that Bucher Glass was relying on their skill or judgment to furnish products suitable for use in that curtain wall system.

44. Certain AIMs furnished by Garibaldi and Dow Corning were not suitable for use in the CIRI curtain wall system as they did not conform to the sample AIM for that building.

45. The defects constituted breaches of the implied warranty of fitness for a particular purpose.

46. As a result of Dow Corning's and Garibaldi's breaches of the implied warranty of fitness for a particular purpose, Bucher Glass has suffered incidental and consequential damages in an amount to be proved at trial, but in excess of $100,000.

### Fourth Cause of Action

### (Violation of the Alaska Unfair Trade Practices and Consumer Protection Act)

47. Bucher Glass hereby incorporates and re-alleges the allegations set forth in paragraphs 1 through 48 above.

48. By misrepresenting the characteristics of the VIPs, misrepresenting the particular thermal qualities of the VIPs, and knowingly concealing the existence of test results that contradicted or undermined the representations Dow Corning had made as to the thermal performance of its VIPs, Dow Corning committed unfair methods of competition, or unfair or deceptive acts or practices, or both, in violation of the Alaska

COMPLAINT
Page 9 of 10
86908283.1 0056361-00001

Exhibit A
Page 9 of 10

Case 4:16-cv-00023-TMB   Document 1-1   Filed 07/14/16   Page 9 of 10

Unfair Trade Practices and Consumer Protection Act ("UTPA"), AS 45.50.471(a), (b)(4), (b)(6), and (b)(12).

49. By misrepresenting the characteristics of the AIMs, and misrepresenting the particular standard, quality, grade or style of the AIMs, Dow Corning and Garibaldi committed unfair methods of competition, or unfair or deceptive acts or practices, or both, in violation of the Alaska Unfair Trade Practices and Consumer Protection Act ("UTPA"), AS 45.50.471(a), (b)(4), and (b)(6).

50. As a result of Dow Corning's and Garibaldi's violations of the UTPA, Bucher Glass has suffered a substantial loss of money, in an amount to be proved at trial.

### PRAYER FOR RELIEF

Bucher Glass requests entry of a judgment providing the following relief:

(A) Incidental, consequential, and other compensatory damages in accordance with proof at trial;

(B) Treble damages under the UTPA;

(C) Attorneys' fees and other costs of suit incurred herein; and

(D) Such other relief as the Court determines is just, reasonable, and equitable under the circumstances.

DATED: June 24, 2016

STOEL RIVES LLP

By: _____
S. LANE TUCKER
(BAR NO. 0705011)
Attorneys for Plaintiff
BUCHER GLASS, INC.

COMPLAINT
Page 10 of 10
86908283.1 0056361-00001

Exhibit A
Page 10 of 10

Case 4:16-cv-00023-TMB   Document 1-1   Filed 07/14/16   Page 10 of 10